UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON A. CLARK,

    Petitioner,                              Civil No. 2:10-CV-10748
                                            HONORABLE GERALD E. ROSEN
v.                                              CHIEF UNITED STATES DISTRICT JUDGE

JEFFERY WOODS,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Jonathon A. Clark, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for assault with intent to commit murder, M.C.L.A. 750.83; and possession of a firearm during the commission of a felony, M.C.L. A. 750.227b. Petitioner has now filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in order to exhaust an additional claim that is not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his additional claim, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

1

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Clark,* No. 272988 (Mich.Ct.App. January 15, 2008); *lv. den.* 481 Mich. 879, 748 N.W.2d 842 (2008). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which was denied by the trial court. *People v. Clark,* No. 06-001737 (Wayne County Circuit Court, March 2, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. Clark,* No. 291513 (Mich.Ct.App. July 8, 2009); *lv. den.* ---- Mich. -----; 775 N.W.2d 788 (2009).

On February 15, 2010, petitioner filed a petition for writ of habeas corpus, seeking a writ of habeas corpus on four separate grounds. [1]

Petitioner has now filed a motion to hold the habeas petition in abeyance, because he recently filed a second post-conviction motion for relief from judgment in the Wayne County Circuit Court, in which he seeks to present newly discovered evidence in support of his claim that he is actually innocent of the crimes that he was convicted of.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 15, 2010, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

2

be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

The Court will grant petitioner's motion to hold the petition in abeyance while he completes the exhaustion of his additional claim in his state post-conviction proceedings. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner claims that he has newly discovered evidence that would support his actual innocence claim. Because any new claim or claims that petitioner might wish to present to the state courts might be based on newly discovered evidence, petitioner has

3

shown good cause for failing to raise these claims sooner. *See U.S. ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008). In addition, petitioner's claims do not appear plainly meritless. Moreover, it does not appear that petitioner engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278. Finally, petitioner would be required to present his actual innocence claim to the state courts before a federal court could consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed. Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed. Appx. 667, 669 (6th Cir. 2004).

The Court is aware that petitioner has already filed one post-conviction motion in the Michigan courts. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to petitioner filing such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust any newly discovered claims. *See Banks,* 149 Fed. Appx. at 419-20.

4

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

### III. ORDER

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 3], and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order, which he has already done. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 60 days of exhausting state remedies. *See Palmer*, 276 F.3d at 781. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas

petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                  S/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon Jonathon Clark, #386554, Kinross Correctional Facility , 16770 S. Watertower Drive, Kincheloe, MI 49788 on March 31, 2010, by ordinary mail.

                                  s/Ruth A. Gunther
                                  Case Manager