UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN A. CLARK,

                    Petitioner,                   No. 10-cv-10748

vs.                                      Hon. Gerald E. Rosen

DUNCAN MACLAREN,

                    Respondent.
_____/

OPINION AND ORDER TRANSFERRING PETITIONER'S
MAY 5, 2016 RULE 60(b)(4) MOTION TO THE COURT OF APPEALS
PURSUANT TO 29 U.S.C. § 2244(b)(3)(A)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 27, 2016

PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

<u>INTRODUCTION</u>

Petitioner Jonathan A. Clark, presently confined at the Kinross Correctional

Facility in Kincheloe, Michigan, filed a Motion for Relief from Judgment pursuant to

Fed. R. Civ. P. 60(b)(4) on May 5, 2016 claiming that the his underlying state court

judgment was void because the state court failed to provide counsel for him at his

arraignment in derogation of his Sixth Amendment right to counsel, and this infirmity

affected all subsequent stages, including the federal habeas proceedings.  Petitioner

1

argues that this court "had a special obligation to satisfy [it]self not only of the district court's jurisdiction, but also that of the state court in [the] cause under review, even though the parties made no contention concerning it."

This is the **third** such Rule 60(b)(4) "void judgment" motion filed by Petitioner Clark concerning his 2006 state court conviction for assault with intent to commit murder, and possession of a firearm during the commission of a felony,

## BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus which this Court denied on the merits in January 2013. [*See* Dkt. # 17.] After the Sixth Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability and denied his motion for leave to appeal *in forma pauperis*, Petitioner's appeal from this Court's decision was dismissed in September 2013. [*See* Dkt. # 24.] The Supreme Court thereafter denied *certiorari*. [Dkt. # 25.]

In February 2015, Petitioner returned to this Court and filed a Rule 60(b)(4) Motion for Relief from Judgment seeking to have his state court conviction vacated based on the same claim that he makes in the instant Motion, i.e., that his underlying state court judgment was void because the state court failed to provide counsel for him at his initial arraignment on the warrant and this rendered the judgment entered by the habeas court void, as well. [*See* Dkt. # 27.] The Court entered an Order on February 20, 2015, denying his Rule 60(b) motion, in part, and transferring, it in part, as a second or

2

successive habeas petition.  [*See* Dkt. # 28.].  The Court denied Petitioner's motion to the

extent Petitioner was claiming a defect in the federal habeas proceedings based on his

allegation that the federal court's proceedings were tainted by a constitutionally infirm

and void judgment entered by the state court.  The Court explained,

> Assuming that petitioner's state court judgment was somehow void
> because of the judge's failure to appoint counsel for him at his arraignment
> on the warrant, this would not deprive this Court of jurisdiction to
> adjudicate his habeas petition. A state court's lack of jurisdiction over a
> criminal case can actually provide a basis for a state prisoner to obtain
> habeas relief in the federal court. "[I]t has long been established that
> federal habeas corpus relief is available when a conviction is void for want
> of jurisdiction in the trial court." *Rhode v. Olk-Long*, 84 F. 3d 284, 287 (8th
> Cir. 1996)(citing *Keizo v. Henry*, 211 U.S. 146, 148 (1908); *Ex parte
> Siebold*, 100 U.S. (10 Otto) 371, 375 (1879); *Houser v. United States*, 508
> F. 2d 509, 512 (8th Cir. 1974)). For many years in fact, a petition for writ
> of habeas corpus was limited only to those cases where a conviction was
> void because the trial court lacked jurisdiction. *Houser*, 508 F. 2d at 512
> (citing *Frank v. Mangum*, 237 U.S. 309, 327 (1915)); *See also Turpin v.
> Sacks*, 291 F. 2d 223 (6th Cir. 1961)("Habeas corpus is not the proper
> remedy to obtain release from custody, unless the sentencing court was
> without jurisdiction, or the sentence was, in legal effect, null and void.").
> Since a federal court has jurisdiction to entertain a habeas challenge to a
> state court's jurisdiction over a criminal prosecution, the mere fact that the
> state court may have lacked jurisdiction over petitioner's case did not
> deprive this Court of jurisdiction over the habeas petition or render the
> judgment void. To the extent that petitioner's motion for relief from
> judgment challenges an alleged defect in the proceedings, it is denied.

[2/20/15 Opinion and Order, Dkt. # 28, p.4.]

The Court next observed that to the extent Petitioner sought to have his state court

conviction set aside, his motion presented a second or successive habeas claim for which

he would be required to obtain authorization from the Sixth Circuit before he could

3

obtain habeas relief on his claim.  Accordingly, the Court transferred Petitioner's Motion

to The Sixth Circuit Court of Appeals.

On April 10, 2015, the Sixth Circuit entered an Order dismissing the matter for

want of prosecution.  [Dkt. # 29.]  Petitioner subsequently filed a second Rule 60(b)

motion in this Court on June 11, 2015. Notwithstanding Petitioner's allegation that this

second Rule 60(b) motion "allege[d] a 'defect in the integrity of the federal habeas

proceedings,'" [Dkt. # 30, Pg ID 957, ¶ 3], nothing was alleged in Petitioner's motion

concerning any defect in the habeas proceedings in the federal courts.   Rather his claim

was that magistrate judge *in the Michigan state court* proceedings failed to provide him

counsel at his initial arraignment, and that failure rendered the state court judgment of

conviction void, requiring that his conviction be vacated and that he be immediately

released from custody.   As such, the Court concluded that Petitioner's second Rule 60(b)

motion, like his previous motion, was a successive petition for a writ of habeas corpus,

and ordered the matter transferred to the Sixth Circuit Court of Appeals, in accordance

with 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Sixth Circuit Court of Appeals agreed that Petitioner's second Rule 60(b)

motion was a second or successive habeas corpus petition, notwithstanding Petitioner's

protestations to the contrary.  The appellate court rejected out-of-hand Petitioner's

contention that his Rule 60(b) motion attacked the integrity of the federal proceedings

because the federal court failed to properly consider the issue of jurisdiction.  The Court

4

explained:

> In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), the Supreme Court explained how to differentiate a true Rule 60(b) motion form an unauthorized second or successive habeas corpus petition. The Supreme Court explained that an applicant presents a "claim" under 28 U.S.C. § 2244 if the motion "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the [applicant] is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. at 2648. By contrast, the Court held that such a "claim" is not present in a true Rule 60(b) motion, which instead "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. Clark's § 2254 petition did not challenge the state trial court's jurisdiction over his state criminal proceedings. Therefore, his claim in his Rule 60(b) motion that the state trial court lacked jurisdiction constituted a new ground for relief that was subject to the gatekeeping requirements of § 2244(b)(2). *See id*. at 530-32. **Although Clark also argued that the federal habeas court's judgment was void for lack of jurisdiction, this argument derived solely from his claim that the state trial court lacked jurisdiction. As a result, this argument, again challenged the state trial court's jurisdiction over his criminal proceedings and was therefore subject to the gatekeeping requirements of § 2244(b)(2)**.

[*In re: Jonathan Clark,* No. 15-1776, 12/11/15 Order, pp. 2-3 (emphasis added).]

Undeterred by the Sixth Circuit's ruling, on May 5, 2016, Clark once again returned to this Court and filed the instant Rule 60(b)(4) Motion.  **This third Rule 60(b) motion presents the same arguments he made in his previous motions which both this Court and the Sixth Circuit Court of Appeals rejected**.  He continues to argue that his motion does not present a second or successive habeas claim and that it "attacks only the integrity of Judge Gerald E. Rosen's decision making  process," specifically the District Court's failure to consider the jurisdictional issue.  Petitioner contends that the

5

Court erroneously merely "assumed that the state court had jurisdiction to try and convict [him], simply because [he] filed a petition while incarcerated in a state prison," and did not itself make any determination as to the state court's jurisdiction.

As the Supreme Court explained, a Rule 60(b) motion is a *de facto* second or successive habeas petition if the motion "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is clear from the foregoing that this is precisely what Petitioner here is attempting to present in his Rule 60(b)(4) motion. Like Petitioner Clark's previous Rule 60(b) motions, the instant Rule 60(b) motion, therefore, is a successive petition for a writ of habeas corpus.

## DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals from an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinex-Villaeal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive

6

petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Turner v. United States*, 181 F. Supp. 2d 700, 706 (E.D. Mich. 2001). Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard*, 341 F. App'x 353, 354 (10th Cir. 2009).

For the foregoing reasons,

IT IS HEREBY ORDERED that the Clerk of the Court shall TRANSFER Petitioner's Motion for Relief from Judgment **[Dkt. # 33]** to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.


s/Gerald E. Rosen
United States District Judge

Dated: May 27, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

7