**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHON A. CLARK,

      Petitioner,                    Civil No. 2:10-CV-10748
                                   HONORABLE GERALD E. ROSEN
v.                                 UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

      Respondent,

_____/

**OPINION AND ORDER DENYING IN PART THE RULE 60 (B) MOTION FOR RELIEF FROM JUDGMENT (Dkt. # 35) AND TRANSFERRING IN PART THE RULE 60(B) MOTION (Dkt. # 35)TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Jonathon A. Clark, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner yet again claims that this Court lacked subject matter jurisdiction to adjudicate his 2010 habeas petition, in which petitioner challenged his conviction out of the Wayne County Circuit Court for assault with intent to commit murder, and possession of a firearm during the commission of a felony, because the conviction was the result of a void state court judgment. For the reasons stated below, the Court denies in part the 60(b) motion for relief from judgment. The Court also transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. Background

      Petitioner filed a petition for writ of habeas corpus challenging his convictions for assault with intent to murder and possession of a firearm in the commission of a felony,

which this Court denied on the merits. *Clark v. MacLaren,* 2:10-CV-10748, 2013 WL 147626 (E.D. Mich. January 14, 2013); *appeal dism.* No. 13-1142 (6th Cir. September 30, 2013); *cert. den.* 134 S. Ct. 1891 (2014).

In February 2015, petitioner filed a Rule 60(b)(4) Motion for Relief from Judgment seeking to have his state court conviction vacated based on essentially the same claim that he makes in the instant Motion, namely, that his underlying state court judgment was void because the state court failed to provide counsel for him at his initial arraignment on the warrant and this rendered the judgment entered by the habeas court void, as well. [See Dkt. # 27]. The Court entered an Order on February 20, 2015, denying his Rule 60(b) motion, in part, and transferring, it in part, as a second or successive petition to the Sixth Circuit. [See Dkt. # 28].

On April 10, 2015, the Sixth Circuit entered an Order dismissing the matter for want of prosecution. *In Re Clark,* No. 15-1210 (6th Cir. Apr. 10, 2015)[Dkt. # 29].

Petitioner subsequently filed a second Rule 60(b) motion in this Court on June 11, 2015 [Dkt. # 30], in which he alleged that the magistrate judge in the Michigan state court proceedings failed to provide him counsel at his initial arraignment, and that this failure rendered the state court judgment of conviction void, requiring that his conviction be vacated and that he be immediately released from custody. This Court ruled that Petitioner's second Rule 60(b) motion, like his previous motion, was a successive petition for a writ of habeas corpus, and ordered the matter transferred to the Sixth Circuit Court of Appeals, in accordance with 28 U.S.C. § 2244(b)(3)(A). [Dkt. # 31].

The Sixth Circuit Court of Appeals ruled that Petitioner's second Rule 60(b) motion was a second or successive habeas corpus petition, rejecting Petitioner's contention that

2

his Rule 60(b) motion attacked the integrity of the federal proceedings because the federal

court failed to properly consider the issue of jurisdiction. The Sixth Circuit explained:

> In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), the Supreme
> Court explained how to differentiate a true Rule 60(b) motion form (sic) an
> unauthorized second or successive habeas corpus petition. The Supreme
> Court explained that an applicant presents a "claim" under 28 U.S.C. § 2244
> if the motion "attacks the federal court's previous resolution of a claim on the
> merits, since alleging that the court erred in denying habeas relief on the
> merits is effectively indistinguishable from alleging that the [applicant] is,
> under the substantive provisions of the statutes, entitled to habeas relief." *Id.*
> at 2648. By contrast, the Court held that such a "claim" is not present in a
> true Rule 60(b) motion, which instead "attacks, not the substance of the
> federal court's resolution of a claim on the merits, but some defect in the
> integrity of the federal habeas proceedings." *Id.* Clark's § 2254 petition did
> not challenge the state trial court's jurisdiction over his state criminal
> proceedings. Therefore, his claim in his Rule 60(b) motion that the state trial
> court lacked jurisdiction constituted a new ground for relief that was subject
> to the gatekeeping requirements of § 2244(b)(2). *See id.* at 530-32.
> **Although Clark also argued that the federal habeas court's judgment
> was void for lack of jurisdiction, this argument derived solely from his
> claim that the state trial court lacked jurisdiction. As a result, this
> argument, again challenged the state trial court's jurisdiction over his
> criminal proceedings and was therefore subject to the gatekeeping
> requirements of § 2244(b)(2).**

*In re: Jonathan Clark*, No. 15-1776 (6th Cir. Dec. 11, 2015, pp. 2-3)(emphasis
added)[Dkt. # 32].

On May 5, 2016, Petitioner filed yet another motion for relief from judgment pursuant

to Fed. R. Civ. P. 60(b)(4), [Dkt. # 33], where he again claimed that this Court lacked

subject matter over his habeas petition because his state court conviction was and is void

because the state court failed to provide counsel for him at his arraignment on the warrant.

On May 27, 2016, this Court transferred this motion to the Sixth Circuit in accordance

with 28 U.S.C. § 2244(b)(3)(A). [Dkt. # 34]. On July 18, 2016, the Sixth Circuit dismissed

the matter for want of prosecution. *In Re Clark,* No. 16-1714 (6th Cir. July 18, 2016).

Petitioner has now filed another Rule 60(b)(4) motion for relief from judgment, [Dkt.

# 35], where he once again claims that this Court erred in ruling on the merits of his petition without first determining whether the state court had jurisdiction over petitioner's criminal case. Petitioner once again argues that the state court judgment of conviction is void, requiring that his conviction be vacated and that he be immediately released from custody.

## II. Discussion

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.

Petitioner again contends that the federal district court lacked jurisdiction over his habeas petition because his underlying state court judgment was void.

Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void. A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was

4

inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995)(quoting *In Re Edwards,* 962 F. 2d 641, 644 (7th Cir. 1992)).

Petitioner is merely reiterating arguments that were raised in his earlier motions for relief from judgment and denied by this Court, thus, he is not entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See Erby v. Kula,* 98 F. App'x. 405, 407 (6th Cir. 2004).

To the extent that petitioner seeks to have his state court conviction set aside, he would be required to obtain authorization from the Sixth Circuit before he could obtain habeas relief on his claim.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997); *Turner v.*

*U.S.,* 181 F. Supp. 2d 700, 706 (E.D. Mich. 2001).  Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard,* 341 F. App'x. 353, 354 (10th Cir. 2009).  Petitioner's current Rule 60(b) motion is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES IN PART** the motion for relief from judgment [Dkt. # 35].

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. # 35] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Gerald E. Rosen_____
United States District Judge

Dated:  July 26, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 26, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135